UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

ELMWOOD VENTURES LLC d/b/a BUDDHA-BAR NEW YORK,

Debtor.

Case No. 1:26-cv-08918 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Appellant Morrison Tenenbaum PLLC ("MT") appeals from a September 22, 2026 order of the United States Bankruptcy Court for the Southern District of New York, which found that MT acted in bad faith, held MT in civil contempt, and concluded that sanctions are warranted, Dkt. 3-2 ("Order"). *See* Dkt. 3 ("Mot.") at 1-2, 7. MT contends that the Order is final and appealable as of right under 28 U.S.C. § 158(a)(1), but alternatively moves for leave to appeal under 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8004. Mot. at 1 n.1.

The Court concludes that the Order is interlocutory and that leave to appeal is therefore required. At this juncture, the Court reserves decision on whether to grant leave and affords the non-moving parties an opportunity to respond.

**DISCUSSION**

Under 28 U.S.C. § 158(a)(1), "district courts . . . have jurisdiction to hear appeals . . . from final judgments, orders, and decrees" of bankruptcy courts. 28 U.S.C. § 158(a)(1). Although "in the bankruptcy context the concept of finality is more flexible than in ordinary civil litigation," *In re U.S. Lines, Inc.*, 216 F.3d 228, 233 (2d Cir. 2000) (citation modified), a bankruptcy order is still required to "definitively dispose of discrete disputes within the overarching bankruptcy case" to "qualify as 'final'," *Ritzen Grp., Inc. v. Jackson Masonry,*

*LLC*, 589 U.S. 35, 39 (2020) (citation omitted); *accord Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015).

In line with that definition, the Second Circuit has long held that a sanctions order generally is not final where the amount of sanctions remains undetermined. In *Discon, Inc. v. NYNEX Corp.*, 4 F.3d 130 (2d Cir. 1993), for example, the Second Circuit dismissed an appeal by attorneys who had been sanctioned but whose ultimate monetary obligation remained unresolved. *See id.* at 132, 134; *see also id.* at 132 ("Were we to entertain the attorneys' appeal at this time and affirm, we would undoubtedly be soon faced with another appeal challenging the amount of fees determined by the district court."). It explained that "a sanction order that leaves the amount of the sanction for later determination is not final and, therefore, not appealable." *Id.* at 133; *see id.* at 132 ("[W]hen the amount of the sanction has not yet been reduced to a sum certain, we lack jurisdiction to review the sanction."); *Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652 (2d Cir. 2005) ("[T]he district court did not fix the amount of sanctions to be awarded. As such, the order is not final[.]"); *Haynes v. World Wrestling Ent., Inc.*, 827 F. App'x 3, 11 (2d Cir. 2020) (summary order) ("While sanctions have been awarded, the amount of sanctions has not been determined; consequently, this [c]ourt lacks appellate jurisdiction over the sanctions appeal."); *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775 (2d Cir. 1992) ("[A]n order finding a party in contempt is not final until after the sanction has been determined."). Conversely, the Second Circuit concluded in *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91 (2d Cir. 1997), that an attorney's sanctions assessment was appealable where it "ha[d] been conclusively determined and reduced to a sum certain." *Id.* at 95; *see id.* at 92. And more recently, in *Worms v. Rozhkov (In re Markus)*, 78 F.4th 554 (2d Cir. 2023), which, like here, involved civil contempt sanctions imposed against counsel in a bankruptcy proceeding, *id.* at 560-61, the Second Circuit noted that earlier appeals had been dismissed for lack of jurisdiction "because the sanctions had

not yet 'been conclusively determined and reduced to a sum certain,'" *id.* at 562 n.4 (quoting *Ted Lapidus*, 112 F.3d at 95).

Here, the Bankruptcy Court's Order expressly reserved determination of the sanctions amount. *See* Order at 32 ("Here, sanctions are warranted. . . . However, the Court orders an additional hearing to determine the correct amount of sanctions."). MT acknowledges that no further hearing has occurred and that no sanctions amount has been fixed against it. *See* Mot. at 7 ("No further hearing has been held, and no amount of sanctions has been fixed against MT."); *accord* Dkt. 3-1 ("Pick Decl.") ¶ 13.

MT argues that the Order nevertheless is final because the Bankruptcy Court conclusively resolved contempt liability and expressly stated that the successor bankruptcy judge would not revisit that determination. Mot. at 1 n.1, 6. But the conclusive determination of liability does not render a sanctions order final where the amount remains subject to further adjudication. *See Discon*, 4 F.3d at 133.

Accordingly, the Court concludes that the Order is interlocutory and that MT must obtain leave to appeal under 28 U.S.C. § 158(a)(3).

MT has moved for such leave in the alternative, arguing that the Order presents controlling questions of law, that substantial grounds for disagreement exist, and that immediate review would materially advance the litigation. *See* Mot. at 8-19. The Court expresses no view at this stage on those arguments or on the underlying merits of the appeal.

Before deciding whether leave should be granted, the Court will afford the non-moving parties an opportunity to respond. Under Federal Rule of Bankruptcy Procedure 8004(b)(2), a party *may*, but is not required to, file a response opposing a motion for leave to appeal "[w]ithin 14 days after the motion for leave is served." Fed. R. Bankr. P. 8004(b)(2). Any opposition is

therefore due by October 21, 2026. *See* Motion for Leave to Appeal, *In re Elmwood Ventures LLC*, No. 25-10932 (Oct. 7, 2026), Dkt. 132.

**CONCLUSION**

For the foregoing reasons, the Court concludes that the September 22, 2026 Order is interlocutory and that leave to appeal is required under 28 U.S.C. § 158(a)(3).

The Court reserves decision on MT's motion for leave to appeal. Any party wishing to oppose the motion may file a response by **October 21, 2026**. Upon expiration of that period, the Court will consider the motion for leave to appeal on the submitted papers, unless otherwise ordered.

Dated: October 9, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge